## KOCH et v. CITY OF TOLEDO et.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1998. Decided Feb. 27, 1928.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

1113. STREETS AND ALLEYS—93. Appropriation.

Where evidence is conflicting as to advisability of appropriating property for opening of street, and does not show abuse of discretion by council, court cannot interfere with legislative power.

Appeal from Common Pleas.
Petition dismissed.

Denman, Miller & Wall, and Fraser, Hiett, Wall & Effler, Toledo, for Koch.

George W. Ritter, Director of Law, Martin S. Dodd and Chas. W. Racine, Toledo, for City.

### STATEMENT OF FACTS.

This is an action to enjoin the appropriation of certain real property for the purpose of relocating and extending a certain street. It is claimed that the council abused its discretion and that injunction lies for such abuse of power. The following cases are cited as authority: Sargent v. Cincinnati, 110 OS. 444; Jones v. Maumee, 20 Oh. App. 455.

The evidence adduced on behalf of plaintiffs tends to show that the proposed improvement would create an exceedingly dangerous traffic hazard at the point where Cushing Street joins Summit Street, and that the improvement is not necessary. The evidence adduced on behalf of the defendants tends to show that a considerable portion of the city lying southerly of Summit Street and in proximity to the easterly end of Cushing Street is in a pocket, so to speak; that access to it is now not as convenient as it might be; that that section is close to the heart of the city; that the city is growing rapidly and that there are a number of

(Continued on Page 196)

# PUBLISHER'S COLUMN

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio under the Act of March 3, 1879.

Issued Every Saturday          50 Weeks of the Year

## SUBSCRIPTION PRICES AND TERMS

Weekly Edition, One Year (50 issues) Payable in Advance ........................................ $15.00

Discount for advance payment $3.00, making the net price ............................................ 12.00

Including Quarterly Digest, to paid subscribers, no extra charge.

Including Binding of Weekly Parts at end of year, if paid in advance, net........................ 13.50

Including One Annual Digest, at end of year, and binding of weekly parts, paid in advance, net.. 16.00

Including Cinque Digest and Year's Subscription..$18.00

Single Numbers ................................ .35

Receiving Abstract after expiration date, considered as authorized continuation of subscription.

## THE LAW ABSTRACT COMPANY

Office, Editorial Rooms and Library, 13916 Euclid Ave. Cleveland, O.

### STAFF

Sam H. Torrey.....................Circulation Manager

Jay F. Laning........................Business Director

Sheldon R. Laning...................Editorial Director

(Continued from Page 195)
factories now in that locality and that parties have purchased land and are about to erect a large warehouse there; that this portion of the municipality is near railroad facilities which are ample for shipping purposes and that the factories and plants which exist and the new warehouse which has been constructed will require traffic facilities for a large number of trucks which run to and from them, and that these trucks at present do not have access to Summit Street which they should have for the greatest convenience.

## OPINION OF COURT.

The following is taken, verbatim, from the opinion.

### WILLIAMS, J.

There is merit in each of these views. It appears that there is no cross street running easterly from Summit Street at this point for a distance of about 1,500 feet. The Council had a right to consider all conditions and all elements in determining whether or not it would proceed with the improvement. They could consider not only the needs of traffic and its hazards but also the industrial growth and developments and welfare of the city. There was room for great difference of opinion as to what was the best course to pursue. We can not say that there was an abuse of discretion, and therefore can not interfere with the legislative power of the Council in the instant case. The powers of this court are judicial.

Those of the Council are legislative. The discretion to determine what property shall be appropriated for street purposes is vested in the Council of this City under the Constitution of and laws of Ohio and the charter of the City of Toledo; and this court, in the exercise of its judicial power, has no right to interfere with the legislative power of the Council in the instant case, and to do so would be to usurp the functions of the legislative branch of the municipality.

For the reasons indicated the petition of the plaintiffs will be dismissed. Decree accordingly.

(Richards, J. concurs. Lloyd, J. concurs in judgment.)